Patricia O'Boyle COSTOS, Plaintiff,

v.

**COCONUT ISLAND CORPORATION d/b/a The Bernard House, Neil L. Weinstein, and Patricia Costos, Defendants.**

Civil No. 96–254–P–C.

United States District Court, D. Maine.

April 21, 1997.

---

26

Thimi R. Mina, Raymond C. Hurley, Hurley & Mina, Portland, ME, for Plaintiff.

Malcolm L. Lyons, John C. Nivison, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, ME, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This in an action brought by Plaintiff Patricia O'Boyle Costos against Defendants Coconut Island Corporation ("Coconut Island") d/b/a The Bernard House and Neil L. Weinstein for injuries she alleges resulted from a sexual assault by Charles Bonney while she was staying at the Bernard House. The Complaint includes four counts: negligence (Count I); negligent hiring and supervision (Count II); assault and battery (Count III); and intentional infliction of emotional distress (Count IV). The Court now has before it Defendants' Motion for Partial Summary Judgment. The motion will be granted in part and denied in part.

The undisputed facts are as follows. Mr. Weinstein was the owner of The Bernard House. Weinstein Dep. (Oct. 11, 1996) at 23. Coconut Island was the entity which, was responsible for managing The Bernard House. Weinstein Aff. 9. In August 1993, Mr. Weinstein was the director of Coconut Island. Weinstein Aff. ¶ 1. Charles Bonney performed managerial responsibilities at the Bernard House during the summer of 1993. Weinstein Aff. ¶ 12.

In her lawsuit against Mr. Weinstein and Coconut Island, Ms. Costos alleges that on or about August 14, 1993, while she was lawfully on the premises as a quest at the Bernard House, one Charles Bonney, an employee of Coconut Island and the manager of Bernard House, without her consent, entered her room with a master key and sexually assaulted her resulting in injuries. Complaint ¶ 9.

In Counts I and II of her Complaint, Ms. Costos alleges that Defendants Coconut Island and Mr. Weinstein were negligent in failing to maintain adequate security on the premises and in hiring and supervising Mr. Bonney. Counts III and IV of her Complaint allege that Defendants Coconut Island and Mr. Weinstein are vicariously liable for assault and battery and the intentional infliction of emotional distress committed by Mr. Bonney.

## I. DISCUSSION

Summary judgment has a special niche in civil litigation. Its "role is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually reguired." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Summary judgment is appropriate in the absence of a genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed. P. Civ. P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir. 1993). The Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

### A. Assault and Battery (Count III)

In their motion Defendants contend that Plaintiff's claim for assault and battery is barred by Maine law requiring that actions for assault and battery be commenced within two years after the cause of action accrues. 14 M.R.S.A. § 753 (Supp.1996). The alleged sexual assault having occurred on August 14, 1993, Plaintiff did not file her Complaint in this case until one year after the statute of limitations can on August 14, 1996. The Court will, therefore, grant Defendants motion for summary Judgment on Count III.

### B. Intentional Infliction of Emotional Distress (Count IV)

With regard to Plaintiff's claim for intentional infliction of emotional distress, Defendants contend that Plaintiff must show that Mr. Bonney was acting within the scope of his employment when he sexually assaulted Plaintiff in order to hold Defendants vicariously liable for his actions. In this case, Defendants assert that Mr. Bonney was not acting within the scope of his employment when he allegedly committed a assault on Plaintiff. Defendants explain that it was "never in the scope of Mr. Bonney's employment to enter a guest's room and physically assault a guest." Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 8) at 10. In order to support their argument, Defendants rely solely upon sections of the Restatement that discuss liability of employers for acts committed by employees which are within the scope of their employment. *Restatement (Second) of Agency*, §§ 228, 231 (1958). Assuming Bonney was acting outside the scope of his employment, however, the inquiry does not end. There are situations where an employer may be liable for the actions of an employee who acts outside the scope of employment. Section 219 provides, in pertinent part, that:

> (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
>
> . . .
>
> (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, *or he was added in accomplishing the tort by the existence of the agency relation.*

*Restatement (Second) of Agency*, § 219(2)(d) (emphasis added). A jury could find Coconut Island and Mr. weinstein liable for Mr. Bonney's actions on the ground that Bonney was "aided in accomplishing the tort" by virtue of his employment. *See McLain v. Training and Development Corp.*, 572 A.2d 494, 497–98 (Me.1990). Because there are material issues of fact which prevent the Court from granting summary judgment on Plaintiff's claim for intentional infliction of emotional distress, the Court will deny Defendants' motion on Count IV.

### C. Negligence (Court I) and Negligent Hiring and Supervision (Count II)

Asserting that there is no basis for piercing the corporate veil of Coconut Island and holding Defendant Weinstein individually liable for any tortious conduct that may have been committed by Coconut Island, Defendants move for summary judgment on all counts as against Mr. Weinstein. Defendants misread the Complaint and/or misunderstand the law in this case. Plaintiff seeks to hold Defendant Weinstein individually liable as the owner of the Bernard House as well as or his role in managing the operations of Coconut Island. There remain material issues of fact as to Mr. Weinstein's liability in both capacities. A record such as the instant one certainly raises issues of fact regarding whether the Court should properly disregard the corporate entity including, *inter alia*, the adequacy of capitalization of Coconut Island, whether commingling of funds took place, the functioning of other corporate officers, whether corporate formalities were observed, and whether complete corporate and financial records were maintained. *Fletcher Cyc Corp.*, § 41.30, at 663–66 (Perm. Ed.). In addition, there remain outstanding issues of material fact regarding Plaintiff's duties as owner of the Bernard House including, *inter alia*, whether adequate security was provided for the guests at the Bernard House. *See Restatement (Second) of Agency* § 214 ("A master or other principal who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others for harm caused to them by the failure of such agent to perform the duty."). The Court will, therefore, deny Defendant Weinstein's Motion for Summary Judgment on Counts I and II.

### D. Punitive Damages

Defendants move for summary judgment on Plaintiff's claim for punitive damages. Plaintiff disagrees, arguing that

this case is proper for including punitive damages. The issue of whether one can be vicariously liable for punitive damages has not been decided in Maine. *See Tuttle v. Raymond,* 494 A.2d 1353, 1360 n. 20 (Me. 1985). The Court assumes that the Law Court will follow the Restatement, which provides:

> Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:
>
> > (a) the principal or managerial agent authorized the doing and the manner of the act, or
> >
> > (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or
> >
> > (c) the agent was employed in a managerial capacity and was acting in the scope of his employment, or
> >
> > (d) the principal or a managerial agent of the principal ratified or approved the act.

*Restatement (Second) of Torts,* § 909 (1977). Based on this record, the Court concludes that there are issues of fact which prevent summary judgment on the issue of the applicability of punitive damages, *inter alia,* what knowledge Mr. Weinstein had regarding Mr. Bonney's fitness to manage the Bernard House and the extent of his knowledge of Mr. Bonney's criminal record.

Accordingly, it is *ORDERED* that Defendants Coconut Island Corporation and Neil L. Weinstein's Motion for Summary Judgment be, and it is hereby, *GRANTED* on Count III and DENIED on Counts I, II and IV.