STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-318
PAF - YOR - 1/2/2003

CHRISTIE DELLEDONNE,
JESSE ROWLEY,
MICHELLE GASPAR,
HEIDI MEHARG, and
RHEA MISTAKIDIS,

Plaintiffs

v.

FRANCIS DOUGLAS DUGRENIER and
FUN-O-RAMA, INC.,

Defendants

DECISION
AND
ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JAN 9 2003

The plaintiffs are five young adults who have brought a multi-count suit against Francis DuGrenier and Fun-O-Rama, Inc. because the defendant DuGrenier videotaped the plaintiffs while they were using the bathroom at Fun-O-Rama. DuGrenier was the president of Fun-O-Rama at the relevant times and four of the five plaintiffs were employees. The Counts include invasion of privacy (I), trespass (II), intentional infliction of emotional distress (III), negligent infliction of emotional distress (IV), punitive damages (V) and respondeat superior (VI). Defendant Fun-O-Rama has moved for summary judgment while the plaintiffs have moved to amend their complaint.

The motion for summary judgment presents three arguments. It first argues that the conduct of defendant DuGrenier was not within the scope of his employment pursuant to the Restatement (Second) of Agency §228. The second argument is that for four of the plaintiffs their claims are barred by the immunity and exclusivity provisions of the Worker's Compensation Act. The final argument is that the trespass claim must

fail as it is not related to an entry onto property but is rather a second invasion of privacy claim given a different name.

I agree that DuGrenier's conduct was not within the scope of his employment as it is not ". . . actuated, at least in part, by a purpose to serve the master." Section 228(1)(c). Here the actions of installing a video-camera, running it and perhaps viewing the tapes were designed to serve some deviant desire of DuGrenier, not to serve Fun-O-Rama. These actions had nothing to do with security and everything to do with the needs of a troubled individual.

The plaintiffs, recognizing that they could lose their case against Fun-O-Rama because DuGrenier's actions were outside the scope of his employment, have filed a motion to amend their complaint to add a claim, pursuant to Section 219(2)(d), that DuGrenier ". . . was aided in accomplishing the tort by the existence of the agency relation." Also see comment e to Section 219.

The motion to amend the complaint will be granted. Regardless of whether it is strictly timely it is fair to consider it as Section 219(2)(d) is closely connected to Section 228(1)(c).

Section 219(2) states that "A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless: (a) the master intended the conduct or the consequences, or (b) the master was negligent or reckless, or (c) the conduct violated a non-delegable duty of the master, or (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation . . ." If Section 219(2)(d) means that Fun-O-Rama is liable because DuGrenier had access to the bathrooms as an employee then there is little left of the protection given to employers when an employee acts outside the scope of the employment. It is easy to think of

numerous examples where a wayward unauthorized employee could be aided in some manner because of an agency relationship. Is the employer liable because the employee used his wages to buy bullets used in a crime? Is the employer liable solely because the employee used a company provided car off-duty and against all regulations and hit someone?

In *McLain v. Training and Development Corporation*, 572 A.2d 494, 497-8 (Me. 1990) a Job Corps trainee sued the defendant because of some "bizarre physical activities", at 495, an employee imposed upon the plaintiff as part of a supposed secret program to toughen the plaintiff and enable him to pass the Marine Corps entrance examination. While the Law Court determined that the evidence generated a jury instruction based on Section 219(2)(d) this was a case that is different from the current one. In *McLain* the plaintiff could have assumed that the employee was acting on behalf of the employer and had the apparent authority to do so. This reading of *McLain* is consistent with *Gary v. Long*, 59 F.3d 1391, 1397 (D.C.Cir.1995). From the point of view of a plaintiff does the transaction or event seem regular on its face and does the agent appear to be acting in the ordinary course of the business. I am aware of a contrary view in *Costos v. Coconut Island Corporation*, 959 F.Supp. 25, 27 (D.Me. 1997) but believe that *Costos* expands Section 219(2)(d) beyond what it was intended to do. Section 219(2) is a list of exceptions to a general rule of non-liability for employers for actions of employees taken outside the scope of employment.

While it is not necessary to do so I will indicate that the worker's compensation issue for the four employee plaintiffs is complicated by the questions of where and when the wrongdoing took place. A more detailed analyses of these issues will need to take place when a separate motion of DuGrenier for summary judgment is argued.

Lastly, the trespass claim would fail regardless of whether the other claims against Fun-O-Rama remained viable.

The entries are:

Plaintiffs' motion to amend complaint is granted.

Defendant Fun-O-Rama, Inc.'s motion for summary judgment is granted. Judgment for Fun-O-Rama, Inc. on the amended complaint.

Dated:     January 2, 2003

Paul A. Fritzsche
Justice, Superior Court

```
S. C. Whiting, Esq. - PLS
E. A. Germani, Esq. - DEF. FUN-O-RAMA, INC.
E. G. Stouder, Esq. - DEF. FRANCIS  DOUGLAS DUGRENIER
```

4